IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD L. DORTCH,            ) | |
|     Petitioner,            ) | |
|                              ) | |
| v.                            ) | CIVIL NO. 18-00217-TFM-N |
|                              ) | |
| WALTER MYERS                  ) | |
|     Respondent.            ) | |

### REPORT AND RECOMMENDATION

Petitioner, Harold L. Dortch, an Alabama prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Docs. 1, 4). Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, the Court **RECOMMENDS** that the petition be **DISMISSED as time barred.**

**I.   Background**

On February 10, 2015, Dortch pleaded guilty to two counts of first degree robbery in the Mobile County Circuit Court. (Doc. 14-3). He was sentenced to two concurrent ten-year prison terms pursuant to these convictions. (CC-14-3964; CC-14-3965). (Doc. 14 at 2). Dortch is currently serving the sentence.

Dortch filed a Motion for New Sentencing Order on July 24, 2015 with the trial court. He requested that the trial court amend the sentencing order to include

1

placement within the Alabama Department of Corrections substance abuse program. (Doc. 14-5). His motion was denied. The trial court held that because it was a "straight sentence", "[t]he court no longer had the jurisdiction to modify the term of the sentence as it would with a split sentence."(Doc. 14-6). In addition, Dortch also filed motions for resentencing in July 2016, April 2017 and April 2018, which were all denied.

On October 7, 2015, Dortch filed a Rule 32 petition, postconviction. In his petition, Dortch asserted, in sum, that there was ineffective assistance of counsel, an involuntary guilty plea and that the trial court breached the plea agreement. "Dortch subsequently moved to dismiss his Rule 32 petition…On May 4, 2016, the trial court granted Dortch's motion and dismissed the Rule 32 petition." (Doc. 14 at 3).

Dortch's original petition for writ of habeas corpus was submitted using an incorrect form and the Court ordered Petitioner to re-file his petition on the correct form. (Doc. 3). On May 31, 2018 Dortch's amended petition for writ of habeas corpus was docketed. The Petitioner alleges, in sum, that the State failed to disclose "evidence favorable to the defendant", his "conviction was obtained by use of coerced confession", and that he was provided ineffective assistance of counsel. (Doc. 4 at 6-8). The Respondent maintains that the claims are unexhausted, procedurally defaulted and time barred. (Doc. 14). On August 24, 2018, the undersigned ordered that Dortch "is hereby permitted to submit a reply showing cause why his habeas petition should not be dismissed for the reasons stated in the answer." (Doc. 15 at 2).

On September 14, 2018, Dortch filed a reply (Doc. 17) arguing in sum that he had insufficient legal representation.

## II.  Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A). The statute specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On February 10, 2015, Dortch pled guilty to two counts of first degree robbery. He did not appeal these convictions.  On July 24, 2015, Dortch filed his first motion

for resentencing (Doc. 14-5). However, it was not until October 2015 that a postconviction petition was filed, eight months after his guilty plea.

Dortch's original petition was filed on May 9, 2018. The Court ordered "for the Petitioner to complete this Court's form for a 2254 petition and a motion to proceed without prepayment of fees." (Doc. 3). He refiled the complete petition on May 31, 2018. Based on both dates that the petitions were filed, Dortch failed to file his federal habeas petition timely. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Dortch's one-year time period for filing a timely habeas petition in this court began to run on March 24, 2015. That time included the forty-two days that he could have filed an appeal of his convictions.

One hundred ninety-seven days expired before his post-conviction petition was filed on October 7, 2015, which tolled the limitation period until May 4, 2016 when the trial court granted Dortch's motion to dismiss his post-conviction proceedings. At this point, Dortch had until October 19, 2016, or 168 days to file a timely habeas petition challenging his conviction. Dortch's original petition was not filed until May 9, 2018. Despite this, Dortch argues that he is entitled to an "equitable exception to the one year statute of limitations based on the evidence and constitutional errors in my state court proceedings." (Doc. 17).

### A. Dortch is Not Entitled to Statutory Tolling

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Statutory tolling arises from 28 U.S.C. §

2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). "However, the pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." *Roby v. Mitchem*, No. 11-2197, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) (citing *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *see McCloud*, 560 F.3d at 1227.

Dortch filed his post-conviction petition on October 7, 2015, "pausing" the one-year clock. The trial court granted Dortch's motion to dismiss his post-conviction proceedings. (Doc. 14 at 5). In order to timely file a federal habeas petition, Dortch had to file within 168 days. He failed to do so.

**B.    Dortch is Not Entitled to Equitable Tolling**

Dortch further argues that he is entitled to the application of equitable tolling because his counsel produced insufficient counseling and did not effectively and represent him. (Doc. 17). He maintains that his counsel advised him to take a "ten year, no good time and a Life Tech plea agreement," and he avers that counsel, did not order a psych evaluation. (Doc. 17). The Court of Appeals for the Eleventh Circuit has stated:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of*

5

*Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Court of Appeals for the Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

*Powe v. Culliver*, 205 F. App'x. 729, 732 (11th Cir. Sept. 19, 2006).

First, Dortch has not made a showing that he has pursued his rights diligently. Second, Dortch has failed to establish that extraordinary circumstances are present. The Court of Appeals for the Eleventh Circuit has held that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States,* 485 F.3d 1273, 1282 n. 4 (11th Cir.2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). A lack of a legal education has not been accepted as an excuse for a failure to file in a timely fashion. *See Rivers v. United States,* 416 F.3d 1319, 1323 (11th Cir.2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v. United States,* 544 U.S. 295, 311, 125 S.Ct. 1571, 1582, 161 L.Ed.2d 542 (2005)).

"To the extent that [Dortch] contends that his counsel was negligent in misadvising him, [the Court of Appeals has held] that attorney negligence, however gross or egregious, does not qualify as an extraordinary circumstance for purposes of

6

equitable tolling. *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015)[1](citing *Cadet v. Fla. Dep't of Corr.,* 742 F.3d 473, 481 (11th Cir.2014)(internal quotations omitted). "Therefore, even assuming that [Dortch's] attorney was negligent, equitable tolling would not be warranted on that basis." *Id*.

As Dortch has failed to establish both diligence and extraordinary circumstances, he is not entitled to equitable tolling. [2]

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned **RECOMMENDS** that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of

---

[1] The undersigned acknowledges that unpublished opinion are persuasive rather than binding authority.

[2] There is also an "actual innocence" exception to the AEDPA Statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). The *McQuiggin* Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (*Id* at. 1928) (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995). *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) ("*McQuiggin* hold[s] 'that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id*. at 1931, 1933 (alteration and quotation marks omitted)." "The test devised in *Schlup* is intended to 'ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." *Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x. 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished) (citing *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). Dortch has not asserted he is actually innocent in light of new evidence, such that his petition is not time barred. Accordingly, he is not entitled to application of the exception and his petition is time barred.

appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). In the present action, Dortch's habeas petition is unquestionably time-barred under AEDPA, and he has indisputably failed to demonstrate either entitlement to equitable tolling of the statute of limitations or actual innocence excusing the expiration of the statute of limitations.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at \*6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at \*4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report &*

*recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam)

9

(unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Dortch in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[3]

## V. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Dortch's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1, 4) be **DISMISSED with prejudice** as time-barred, that final judgment be entered accordingly in favor of the Respondent, and that the Court find Dortch is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

## VI. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

---

[3] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **16th** day of **January 2019**.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**